■ MARGARET DEMPSEY, Appellant, v METHODIST HOSPITAL et al., Respondents.—In a medical malpractice action, the plaintiff Margaret Dempsey appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County (Scholnick, J.), entered March 28, 1988, as, upon a jury verdict in the defendants' favor on the issue of liability, is in favor of the defendants and against her.

Ordered that the judgment is reversed insofar as appealed from, on the law and as a matter of discretion, and a new trial is granted with costs to abide the event.

The injured plaintiff and her husband commenced a medical malpractice action against the defendants, claiming, *inter alia,* that they failed to properly diagnose and treat her venous blood clot condition causing her to sustain pain, medical expenses, and permanent injuries. During the course of the trial, the plaintiff husband's motion to discontinue his action was granted. At the conclusion of the trial, the jury determined that the defendants had departed from accepted medical practice in their care and treatment of the injured plaintiff on two separate dates, but that their malpractice was not a proximate cause of her injuries. Accordingly, judgment was awarded in favor of the defendants and against the plaintiff. The injured plaintiff appeals.

The injured plaintiff argues on appeal that the judgment insofar as it is against her and in favor of the defendants should be reversed because the court made erroneous evidentiary rulings and erred in its instruction to the jury on the issue of proximate cause.

Upon our review of those trial rulings which were properly preserved for appellate review, we find that none had a substantial impact upon the result of the trial and accordingly we conclude that reversal is not warranted on these grounds *(see, Walker v State of New York,* 111 AD2d 164, 165; *see also,* CPLR 2002).

However, an examination of the jury instructions reveals that during the course of the court's charge on causation, the jurors were erroneously instructed that the injured plaintiff had the burden of demonstrating that there was a "substantial probability" that the defendants' negligent conduct caused her injuries. In so charging the jury, the court applied an improper standard of proof, thereby increasing the plaintiff's burden of proof from the usual "more probable than not"

language *(see, e.g., Mertsaris v 73rd Corp.,* 105 AD2d 67, 83) to that of a "substantial probability." Inasmuch as the jury found in favor of the defendants on the issue of causation, we cannot say that the error was harmless. Under the circumstances we find that the court's erroneous charge warrants reversal and a new trial. Kooper, J. P., Harwood, Balletta and Miller, JJ., concur.