■ GAZZOLA BUILDING CORP., Respondent, v MILTON B. SHAPIRO et al., Appellants.—In an action to recover damages for legal malpractice, the defendants appeal from a resettled judgment of the Supreme Court, Westchester County (Bowers, J.H.O.), entered November 22, 1989, which, after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $15,723.50.

Ordered that the resettled judgment is reversed, on the law and the facts, with costs, and the complaint is dismissed.

The plaintiff, a builder, commenced this legal malpractice action against the defendants for their delay in preparing and filing a condominium offering plan. The plaintiff alleged that by failing to timely file the plan, the defendants rendered the plaintiff unable to sell its newly constructed condominiums as scheduled, and thus, caused it to sustain a loss of profits and a loss of use of those profits. While we agree with the Supreme Court that the defendants did indeed neglect the work they took on, upon our review of the record, we find that the plaintiff simply failed to prove any recognizable damages by a preponderance of the evidence. While sales of condominiums units were legally delayed because of the absence of an approved plan, proof was not established by a preponderance of the evidence that units would have been sold as originally scheduled at the desired price. Additionally, all but one of the units were eventually sold at prices above the plaintiff's increased costs. The remaining unit was given to the stepson of the sole stockholder and officer of the plaintiff. Had that unit been sold, as it was the plaintiff's duty to do in order to mitigate damages, it is reasonable to conclude that the plain-

tiff would have earned a profit equal to or greater than that originally expected. As for the plaintiff's loss of use of profits, even if we were to recognize such damages, we would find no proof in the record to support such a claim. Accordingly, since it was the plaintiff's burden to prove nonspeculative damages by a preponderance of the evidence, its failure to do so requires that the resettled judgment be reversed *(see, Kirsch Beverage Corp. v Consolidated Edison Co.,* 130 AD2d 718). Harwood, J. P., Balletta, O'Brien and Ritter, JJ., concur.