■ MYRNA L. RHOADES, Respondent-Appellant, v NIAGARA MOHAWK POWER CORPORATION et al., Appellants-Respondents, et al., Defendants. [608 NYS2d 733] —White, J. Cross appeals (1) from a judgment of the Supreme Court (Prior, Jr., J.), entered January 8, 1993 in Albany County, upon a verdict rendered in favor of plaintiff, and (2) from an order of said court, entered December 21, 1992 in Albany County, which partially granted a motion by defendants Niagara Mohawk Power Corporation and Joseph F. Cleary to set aside the verdict.

In 1979, plaintiff assumed the position of supervisor of the Land and Right-of-Way Department, one of three departments within the Law Department of defendant Niagara Mohawk Power Corporation (hereinafter NiMo), under the supervision of defendant Joseph F. Cleary. Plaintiff worked without incident until she went to lunch with Cleary in December 1982. Over a period of time following the lunch, Cleary reduced plaintiff's authority, undercut her with her staff, treated her differently than he did her male counterparts and unsuccessfully attempted to demote her one grade, telling her that the only reason she had her title and pay grade was because she was a woman. Finally, after hiring a private investigator to follow plaintiff, Cleary, on July 20, 1984, fired plaintiff because of her "poor attitude" and the alleged falsification of her expense account.

Subsequently, in July 1985 plaintiff commenced this action alleging, *inter alia,* a cause of action under the Human Rights Law (Executive Law § 290 *et seq.)* claiming that NiMo and Cleary discriminated against her on the basis of her sex. Following a jury trial, the jury awarded plaintiff $1,000,000 in compensatory damages and $500,000 in punitive damages. Plaintiff then moved to amend her pleadings to increase her ad damnum clause and NiMo and Cleary moved to set aside the verdict as being against the weight of the evidence and excessive. Supreme Court affirmed the verdict but vacated the judgment as to punitive damages and reduced the compensatory damages to $575,000. NiMo and Cleary (hereinafter collectively referred to as defendants) appeal and plaintiff cross-appeals.

Defendants contend that Supreme Court made two erroneous evidentiary rulings which require a reversal of the judgment. The first concerns plaintiff's testimony that another female employee told her that when she applied for a promotion, Cleary told her that he did not want two female supervisors in the same department. Plaintiff further testified that the employee filed a complaint with the Human Rights Commission, which she withdrew when she was given the promotion she sought.

We agree with defendants that this testimony should have been excluded as hearsay because it is not an admission against interest receivable against NiMo due to the fact that there is no evidence that the co-worker was authorized to make these statements (see, Loschiavo v Port Auth., 58 NY2d 1040, 1041; Nordhauser v New York City Health & Hosps. Corp., 176 AD2d 787, 791). However, because Cleary on his direct examination testified to the same facts regarding the co-worker, defendants effectively waived any error in the admission of plaintiff's testimony (see, People v Albro, 73 AD2d 73, 77 [Mikoll, J., dissenting]; Fisch, NY Evidence § 21, at 14 [2d ed]). We need not consider defendants' argument that plaintiff's testimony should have been excluded on the ground that it was not relevant because they did not raise this objection at trial (see, People v Qualls, 55 NY2d 733).

Because plaintiff was seeking damages for emotional distress, defendants in their cross-examination of plaintiff and her treating psychiatrist, and in their direct examination of their medical expert, sought to elicit testimony that another lawsuit commenced against plaintiff caused her emotional distress. Supreme Court sustained plaintiff's objection to such testimony, finding it irrelevant. The determination of issues of relevancy are matters resting largely in the discretion of the trial court (see, Radosh v Shipstad, 20 NY2d 504, 508). We conclude that Supreme Court did not abuse its discretion in sustaining plaintiff's objections because in their diagnosis of plaintiff's condition neither medical expert referred to the lawsuit against her as a contributing factor to plaintiff's emotional distress. In any event, the exclusion of this testimony did not prejudice defendants insofar as Supreme Court allowed them to adduce testimony that several stress factors separate from plaintiff's discharge from NiMo were present in her life.

Our last inquiry is whether Supreme Court's reduction of the compensatory damage award to $575,000 was appropri-

ate.* Our review of this issue is impeded by the fact that the jury did not itemize its verdict *(see,* CPLR 4111 [f]). This error is harmless, however, because the parties did not request an itemized verdict nor object to the verdict sheet *(see, Tucker v Elimelech,* 184 AD2d 636; *Stiles v Batavia Atomic Horseshoes,* 174 AD2d 287, 293, *revd on other grounds* 81 NY2d 950). Based upon our review of the evidence, we conclude that the $575,000 compensatory damage award deviates materially from what would be reasonable compensation *(see,* CPLR 5501 [c]). Considering the fact that plaintiff showed lost income of $226,000 and the psychiatric condition she suffered from as the result of defendants' discriminatory conduct resolved itself within two years, an award of $350,000 affords plaintiff reasonable compensation.

Cardona, P. J., Mercure, Crew III and Weiss, JJ., concur. Ordered that the judgment and order are modified, on the law and the facts, without costs, by reversing so much thereof as awarded plaintiff compensatory damages of $575,000; a new trial ordered only with respect to the issue of compensatory damages awarded to plaintiff unless, within 20 days after service of a copy of the order herein, plaintiff stipulates to reduce the verdict for compensatory damages to $350,000; and, as so modified, affirmed.

---

* Plaintiff does not challenge Supreme Court's vacatur of the punitive damage award as it has been established that such damages are not permitted in an action under the Human Rights Law *(see, Thoreson v Penthouse Intl.,* 80 NY2d 490, 499).