◼ Morris Cramer, Appellant, v Eugene R. Spada et al., Respondents. [610 NYS2d 662] —White, J. Appeal from a judgment of the Supreme Court (Lomanto, J.) in favor of defendants, entered October 29, 1992 in Saratoga County, upon a dismissal of the complaint at the close of plaintiff's case.

On August 2, 1982 plaintiff, the sole shareholder of Cardoray Corporation, an operator of a bowling alley, sold all of Cardoray's outstanding stock to Bob Daubney Bowling Enterprises, Inc. (hereinafter Daubney Enterprises). As part of the purchase price, Daubney Enterprises executed a promissory note in favor of plaintiff in the sum of $296,000 which Robert Daubney personally guaranteed. Plaintiff, in turn, filed a UCC-1 financing statement purportedly covering various items of equipment and inventory in the bowling alley and naming Robert Daubney, Daubney Enterprises and Cardoray as debtors. After Cardoray filed a petition for bankruptcy, Bankruptcy Court determined that plaintiff was not a secured creditor of Cardoray because Cardoray never signed a security agreement granting plaintiff a security interest in its assets *(see, Cramer v Cardoray Corp. [In re Cardoray Corp.],* Bankr, ND NY, June 20, 1986, Mahoney, J., *affd* US Dist Ct, ND NY, Dec. 22, 1986, McAvoy, J., *affd* US Ct of Appeals, 2d Cir, May 5, 1987). Eventually, Cardoray's assets were sold with none of the proceeds distributed to plaintiff.

Plaintiff then commenced this legal malpractice and breach of contract action against defendants, the attorneys who represented him in the sale of Cardoray's stock, based upon their alleged failure to prepare and have executed a promissory note and security agreement from Cardoray. The matter proceeded to trial and, at the close of plaintiff's case, Supreme Court granted defendants' motion to dismiss the complaint for failure to prove a prima facie case.

The first issue we address is plaintiff's contention that Supreme Court erred in precluding the testimony of four of his expert witnesses. CPLR 3101 (d) (1) (i) provides, *inter alia,* that upon request a party shall identify each person whom he or she expects to call as an expert witness. Here, plaintiff served a CPLR 3101 (d) (1) (i) notice on September 17, 1992, five days before the commencement of the trial. Defendants' motion to preclude the expert witnesses' testimony was granted by Supreme Court on the ground that plaintiff did not establish good cause for failing to serve his notice 30 days prior to the commencement of the trial.

While CPLR 3101 (d) (1) (i) does not require that the disclosure of the expert's name be accomplished 30 days prior to trial, we find that Supreme Court's issuance of a preclusion order was not an abuse of discretion because, although plaintiff had an opportunity to do so, he failed to show that he did not intentionally withhold disclosure *(see, Marra v Hensonville Frozen Food Lockers,* 189 AD2d 1004, 1006) or provide any good cause for not serving his notice until the eve of trial *(see, Corning v Carlin,* 178 AD2d 576, 577; *Zarrelli v Littauer Hosp.,* 176 AD2d 1181, 1182).

At the conclusion of Richard Lewis'* testimony on behalf of plaintiff, Supreme Court granted defendants' motion to strike his testimony, finding it irrelevant. The substance of Lewis' testimony was that, in his opinion, defendants' representation of plaintiff failed to meet the appropriate standard of care exercised by attorneys in the community. Although the determination of issues of relevancy are matters resting largely in the discretion of the trial court *(see, Radosh v Shipstad,* 20 NY2d 504, 508; *Rhoades v Niagara Mohawk Power Corp.,* 202 AD2d 762), Supreme Court abused its discretion in striking Lewis' testimony as it concerned an essential element of a legal malpractice cause of action *(see, Marshall v Nacht,* 172 AD2d 727; *Canavan v Steenburg,* 170 AD2d 858, 859). We

---

* Defendants did not seek to preclude Lewis' testimony because his name was disclosed well before the trial.

further find, however, that this error does not require reversal.

Even if plaintiff had been a secured creditor, he would not have shared in the distribution of the proceeds of the sale of Cardoray's assets because they were totally consumed in satisfying liens that had priority over his. Thus, because plaintiff was not damaged as the result of defendants' alleged malpractice, Supreme Court correctly found that plaintiff failed to prove his cause of action for legal malpractice (see, Gazzola Bldg. Corp. v Shapiro, 181 AD2d 718; Murphy v Stein, 156 AD2d 546, 548, appeal dismissed 75 NY2d 946). The failure to prove damages is also fatal to plaintiff's breach of contract cause of action (see, Ruse v Inta-Boro Two-Way Radio Taxi Assocs., 166 AD2d 641). Accordingly, we find that Supreme Court properly granted defendants' motion to dismiss plaintiff's complaint pursuant to CPLR 4401. For these reasons, we affirm.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.