■ KATHLEEN E. GLEASON, Respondent-Appellant, v CALLANAN INDUSTRIES, INC., Appellant-Respondent, et al., Defendant. [610 NYS2d 671] —Peters, J. Cross appeals from a judgment of the Supreme Court (Kahn, J.), entered April 22, 1993 in Albany County, upon a verdict rendered in favor of plaintiff.

Plaintiff commenced this action in September 1991 alleging that she had been sexually harassed by a co-worker, defendant Robert Gerren, during her employment with defendant Callanan Industries, Inc. Plaintiff alleged that she was exposed to various acts of harassment by Gerren from the start of her employment in July 1988 until April 1991. On April 5, 1991, plaintiff wrote a memo to a Callanan officer informing him of Gerren's alleged acts of harassment. Shortly thereafter, on April 11, 1991 plaintiff was terminated on the ground of professional incompetence.

After five days of trial, Supreme Court granted Callanan's motion to dismiss plaintiff's causes of action for breach of contract and intentional infliction of emotional distress. The claims submitted to the jury were whether Callanan was liable to plaintiff for sexual harassment in violation of Executive Law § 296, whether Callanan was liable to plaintiff for retaliatory discharge pursuant to Executive Law § 296 (1) (e) and whether Gerren committed a battery. The jury found in plaintiff's favor on the retaliatory discharge claim, finding that plaintiff was terminated in retaliation for her complaint of sexual harassment. The jury awarded plaintiff $54,000 in compensatory damages for emotional distress and $7,500 for lost earnings. Supreme Court denied Callanan's motion to set aside the verdict. Callanan now appeals from the judgment and plaintiff cross appeals.

The first issue raised on this appeal is whether the jury's finding that Callanan had discharged plaintiff in retaliation for her sexual harassment complaint was against the weight of the evidence. Although Callanan contends that the decision to terminate plaintiff was made before she advised Callanan of her sexual harassment complaint because plaintiff's job performance was poor, we find such claim considerably overcome by the evidence presented in the record.

The record reveals that plaintiff received regular and intermittent raises, was scheduled to receive another raise after the date of her complaint and had never had a poor job review. Plaintiff, however, was fired shortly after submitting

her complaint of sexual harassment to Callanan. Thus, we conclude that a rational jury could have inferred that plaintiff's employment was terminated in retaliation for her complaint of sexual harassment and that the jury did not incorrectly assess the evidence presented *(see, Cohen v Hallmark Cards,* 45 NY2d 493; *see also, Sogg v American Airlines,* 193 AD2d 153).

Callanan next contends that Supreme Court incorrectly failed to set aside the damage award for emotional distress as excessive. We disagree. As noted by Judge Fuchsberg in *Figliomeni v Board of Educ.* (38 NY2d 178): "[I]t is the rule rather than the exception that, in cases calling for the monetary evaluation of bodily and emotional injuries and the frequently subjective pain and suffering that may flow from them, that a wide and diverse range of opinion is to be expected among triers of the fact, whether Judges or jurors. Of the latter, some may be skeptics, others stoics and still others stoical about the ability of others to endure pain. There are those too who, consciously or unconsciously, react unfavorably to the law's measurement of such noneconomical injury in terms of dollars and cents. On the other hand, there are those who have opposite, even hypersensitive, views about the plight of injured persons. Obviously, then, whether a jury consists of a preponderance of individuals of the one stripe or the other will make a world of difference in the quantum of damages which it awards" *(supra,* at 183).

We are empowered to determine that an award is excessive "if it deviates materially from what would be reasonable compensation" (CPLR 5501 [c]). While, as in *Rhoades v Niagara Mohawk Power Corp.* (202 AD2d 762), our review of the award is impeded by the fact that the jury did not itemize its verdict *(see,* CPLR 4111 [f]), this error is unpreserved as the parties did not object to the verdict sheet.

We also find guidance in the standard of review that we have used in considering awards of compensatory damages for emotional distress when such awards have been made by the Commissioner of Human Rights. As set forth in *Matter of New York City Tr. Auth. v State Div. of Human Rights* (78 NY2d 207), "psychic injury—by nature essentially subjective—has prompted difficult questions of proof, both as to establishing the genuineness of any injury and as to fixing its dollars-and-cents valuation * * *. Such questions have particular pertinence to Human Rights Law cases, where mental suffering is not only compensable * * * but also a frequent—sometimes sole—consequence of unlawful discriminatory conduct" *(supra,*

at 215 [citations omitted]). In reviewing an *agency* decision, the Court of Appeals directs that "there must be sufficient proof of mental anguish caused by the discrimination, as well as the extent of injuries being compensated" *(supra,* at 216). Moreover, " '[D]ue to the strong anti-discrimination policy spelled out by the Legislature of this State * * * aggrieved individual[s] need not produce the quantum and quality of evidence to prove compensatory damages [they] would have had to produce under an analogous provision, and this is particularly so where * * * the discriminatory act is intentionally committed' " *(supra,* at 216, quoting *Batavia Lodge No. 196 v New York State Div. of Human Rights,* 35 NY2d 143, 147).

Deferring to these standards and policies in reviewing the award and record before us, we have considered the duration, severity, consequences and physical manifestations of the mental anguish, as well as any treatment that plaintiff underwent as a result of her anguish *(see, Matter of New York City Tr. Auth. v State Div. of Human Rights, supra,* at 217-219; *New York State Off. of Mental Retardation & Dev. Disabilities v New York State Div. of Human Rights,* 183 AD2d 943). We find that the compensation was reasonably related to the effects of the wrongful termination and that the award was amply supported by the evidence.

We note that in so doing, "psychiatric or other medical treatment is not a precondition to recovery. Mental injury may be proved by the complainant's own testimony, corroborated by reference to the circumstances of the alleged misconduct" *(Matter of New York City Tr. Auth. v State Div. of Human Rights, supra,* at 216). We find that the testimony established that plaintiff suffered from irritable bowel syndrome, pains in her sides, insomnia, migraines and depression, and that as a result thereof plaintiff sought medical treatment. Further, we find that plaintiff's claim of mental shock and anguish stemmed from the retaliatory discharge and was supported not only by the testimony of plaintiff, but also various Callanan employees. The record reflects that after such discharge, plaintiff was deeply concerned about her ability to support herself and her child because she was a single mother with limited professional experience and training. Such testimony was buttressed by plaintiff's inability to secure comparable employment for approximately one year. Accordingly, we find that the award of $54,000 in compensatory damages was fully supported by the record and was consistent with the evidence.

In next reviewing the jury's award of damages for lost earnings, we note that damages for lost wages in an action under Executive Law article 15 should be calculated by the difference between what plaintiff would have earned had she continued to remain employed with Callanan and what she actually earned *(see, Matter of Wantagh Union Free School Dist. v New York State Div. of Human Rights,* 122 AD2d 846, 847, *appeal dismissed* 69 NY2d 823). In applying that standard and in considering the raises awarded to plaintiff of $1 per hour in 1989 and 1990, as well as the practice of Callanan in awarding raises to each employee in April of each year, the jury was entitled to presume that plaintiff was to receive a wage increase in April 1991 and April 1992 commensurate with the wage increases that plaintiff had received in the past. Accordingly, we do not believe that the jury award of $7,500 for lost wages was excessive.

Finally, as to plaintiff's cross appeal of Supreme Court's dismissal of the intentional infliction of emotional distress claim, we believe that the dismissal of such cause of action was entirely proper *(see, Murphy v American Home Prods. Corp.,* 58 NY2d 293).

Cardona, P. J., Mercure, White and Weiss, JJ., concur. Ordered that the judgment is affirmed, without costs.