■ In the Matter of BRONX CROSS COUNTY MEDICAL GROUP, P. C., Petitioner, v LYDIA LASSEN et al., Respondents. [650 NYS2d 113] —Determination of respondent State Division of Human Rights dated January 17, 1995, which, inter alia, found that petitioner had discriminated against respondent complainant on the basis of her gender, directed her reinstatement and awarded her back pay, seniority and retirement credits, out of pocket expenses and $250,000 in compensatory damages for mental anguish, unanimously modified, on the facts, to the extent of reducing the award for compensatory damages to $25,000, and the proceeding brought pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme

Court, New York County [Harold Tompkins, J.], entered July 10, 1995), is otherwise disposed of by confirming the remainder of the determination, without costs.

In viewing the totality of the circumstances surrounding complainant's claim, and the record as a whole, the Commissioner's determination that respondent was subjected to a hostile work environment and gender discrimination by petitioner was supported by substantial evidence (*see, Meritor Sav. Bank v Vinson*, 477 US 57; *Harris v Forklift Sys.*, 510 US 17; *300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176).

The complainant's testimony concerning her feelings of embarrassment, humiliation, inadequacy, together with her testimony concerning adverse physical effects of weight loss and inability to find comparable employment for almost two years as a result of the hostile work environment and discriminatory discharge supported a claim for mental anguish (*see, Thoreson v Penthouse Intl.*, 179 AD2d 29, 31-32, *affd* 80 NY2d 490). Nevertheless, we find that the award of $250,000 in compensatory damages is not reasonably related to the petitioner's wrongdoing or the duration, consequence and magnitude of complainant's mental anguish, and, in view of comparable awards for similar injuries (*see, Matter of Father Belle Community Ctr. v State Div. of Human Rights*, 221 AD2d 44, 57-58; *SUNY Coll. of Envtl. Science & Forestry v State Div. of Human Rights*, 144 AD2d 962; *Gleason v Callanan Indus.*, 203 AD2d 750), the award is reduced to $25,000.

Finally, petitioner failed to demonstrate substantial prejudice by the Commissioner's delay in issuing the final order (*see, Matter of Sarkisian Bros. v State Div. of Human Rights*, 48 NY2d 816). Concur—Wallach, J. P., Ross, Nardelli, Tom and Mazzarelli, JJ.