**Ronald DAVIDSON, Plaintiff–Appellant,**

v.

**Connie MANN; Walter R. Kelly; Thomas Coughlin, III; Unknown Correspondence Dept. Personnel L–5; Charles Brunelle, Defendants–Appellees.**

**No. 765, Docket 96–2854.**

United States Court of Appeals, Second Circuit.

Argued Oct. 21, 1997.

Decided Nov. 10, 1997.

Ronald Davidson, pro se, Auburn, NY, for Plaintiff–Appellant.

Dennis C. Vacco, Attorney General of the State of New York, Albany, NY; Peter H. Schiff, Deputy Solicitor General; Nancy A. Spiegel, Assistant Attorney General; Martin A. Hotvet, Assistant Attorney General, for Defendants–Appellees.

Before: WINTER, Chief Judge,
MESKILL, Circuit Judge, and MARTIN, District Judge.*

WINTER, Chief Judge,

Ronald Davidson appeals from Judge Curtin's adverse grant of summary judgment in Davidson's civil rights action under 42 U.S.C. § 1983. Davidson's complaint alleged that a prison regulation limiting inmates' access to stamps for non-legal mail violated his First Amendment rights. Davidson contends that the district court erred in concluding that the regulation was reasonably related to legitimate penological interests under the analysis established in *Turner v. Safley,* 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), and in failing to appoint counsel as required by

*Hodge v. Police Officers,* 802 F.2d 58, 61–62 (2d Cir.1986). We disagree.

Davidson's complaint alleged that his First Amendment rights were violated by the New York State Department of Correctional Services's ("DOCS's") promulgation of a directive replacing the system used for the purpose of sending non-legal mail. Under the prior system, the prisoners filled out disbursement forms for each piece of mail; the forms were then processed by DOCS personnel. DOCS Directive 4422(D) replaced the use of disbursement forms with a system in which inmates purchase stamps for non-legal mail from the prison commissary. Under the disbursement system, the number of pieces of non-legal mail that an inmate might send each month was unlimited; under Directive 4422(D), the number of stamps that an inmate can purchase is limited to fifty every two weeks, or to fifty per month for inmates confined in a Special Housing Unit ("SHU"). The new regulation also provides that if "extenuating circumstances" exist, an inmate may purchase stamps through disbursement forms.

Although Davidson claims that the regulation has deprived him of his First Amendment right to send outgoing non-legal mail, *see Procunier v. Martinez,* 416 U.S. 396, 408–09, 94 S.Ct. 1800, 1808–09, 40 L.Ed.2d 224 (1974), he has not made specific allegations that the regulation has ever actually prevented him from purchasing stamps, much less from sending mail. "[I]t is well settled that to state a civil rights claim under § 1983, a complaint must contain specific allegations of fact which indicate a deprivation of constitutional rights." *Alfaro Motors, Inc. v. Ward,* 814 F.2d 883, 887 (2d Cir.1987).

Absent a specific allegation indicating that the directive has significantly impaired Davidson's ability to communicate with outsiders, we treat his claim as one asserting that the regulation is unconstitutional on its face. In order for such a facial challenge to be successful, Davidson "must establish that no set of circumstances exists

* The Honorable John S. Martin, Jr., of the United States District Court for the Southern District of New York, sitting by designation.

under which the [regulation] would be valid." *United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095, 2100, 95 L.Ed.2d 697 (1987). He has not done so.

Applying the *Turner* analysis, there is first a valid and rational connection between the regulation and DOCS's interests in avoiding a backlog of mail and in allocating prison personnel efficiently. Prison officials might reasonably conclude that, by eliminating the need for DOCS personnel to process a separate disbursement form for each piece of mail, these interests, which are legitimate and neutral, would be furthered. *See Turner*, 482 U.S. at 89–90, 107 S.Ct. at 2261–62. Nor is the limit on the number of stamps purchasable at any one time facially unrelated to legitimate and neutral goals. Stamps have some of the attributes of currency, and a limit on the amount that may be present in cells obviously furthers the goals of avoiding thefts and disputes over them. Second, prisoners have the alternatives of prioritizing their mailings or of showing extenuating circumstances. *Id.* at 90, 107 S.Ct. at 2262. Third, without the regulation, inmates might encounter delays in the processing of disbursements and of high priority mail. *Id.* Finally, there are no ready alternatives to achieve DOCS's goals. *Id.* By way of contrast, Davidson has alleged no specific facts indicating that prisoners, absent extenuating circumstances, need more than 100 stamps (or 50 for prisoners in SHU) per month for non-legal mail. On this record, therefore, one might easily conclude that the commissary system is more consistent with the interests of prisoners than is the disbursement system.

█ Davidson's second argument is also without merit. Under *Hodge*, 802 F.2d at 61, a district court, in deciding whether to appoint counsel for an indigent civil litigant, "should first determine whether the indigent's position seems likely to be of substance." As discussed above, Davidson's "position" was not one of "substance." The regulation is constitutionally valid on its face, and he has failed to allege even that the regulation has prevented him from sending

non-legal mail. Appointment of counsel was therefore not warranted.

We affirm.