■ RAYMOND BORNT et al., Appellants, v TOWN OF PITTS-TOWN, Respondent, et al., Defendant. [669 NYS2d 979] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered January 6, 1997 in Rensselaer County, upon a verdict rendered in favor of defendant Town of Pittstown.

This action has its genesis in an automobile accident that occurred at approximately 10:40 P.M. on February 16, 1994 at the intersection of Odd Fellows Lane and State Route 7 in the Town of Pittstown, Rensselaer County. After stopping at a stop sign, plaintiff Raymond Bornt (hereinafter plaintiff), who was traveling in a southerly direction along Odd Fellows Lane, a Town highway, attempted to cross Route 7. As Bornt's car entered the intersection, it was hit by a vehicle operated by defendant Robert A. Hayner, who had the right-of-way as he proceeded west on Route 7. Plaintiff, who was seriously injured in the accident, and his wife commenced this action against Hayner and defendant Town of Pittstown, charging the latter with negligently creating a large snowbank at the northeast corner of the intersection, which blocked plaintiff's view as he approached and entered the intersection. The Town cross-claimed against Hayner.

At trial, after opening statements were made, Hayner successfully moved for dismissal of all claims against him, leaving the Town as the sole defendant. In its defense, the Town attempted to show, *inter alia*, that the snowbank, or at least that portion of it which had obstructed plaintiff's view, had actually been created by a neighboring landowner, who had piled snow on top of that left by the Town's snowplow operator. The jury returned a verdict in the Town's favor and plaintiffs appeal.

Plaintiffs claim that a new trial is required because the Town was erroneously permitted to introduce into evidence assertedly prejudicial photographs taken by plaintiff's insurance agent at approximately 9:45 A.M. on the morning following the accident. We disagree. Although couched in terms of foundation and authentication, plaintiffs' argument is essentially one of relevance; because there was no evidence that the conditions were the same when the photographs were taken, some 11 hours after the accident, as when the accident occurred, plaintiffs maintain that they could not aid the jury in resolving the pertinent issues.* This argument is to no avail, however, for plaintiffs—having already introduced other photographs taken at approximately the same time as those they challenge, along with testimony as to the relative size of the obstruction at the time of the accident and the morning after—cannot prevent the Town from answering that evidence by objecting on the ground of relevance (*see, Blossom v Barrett*, 37 NY 434, 438; Fisch, New York Evidence § 21, at 13-14 [2d ed]; *cf.*, *Rhoades v Niagara Mohawk Power Corp.*, 202 AD2d 762, 763).

Plaintiffs' second contention, that Supreme Court erred in refusing to instruct the jury that the Town's actual notice of the obstruction obviated the need for them to demonstrate compliance with pertinent prior written notice laws, is equally unpersuasive. As the court correctly observed, because the alleged defect was one relating to the presence of ice or snow, in the absence of prior written notice of the claimed defect, recovery could not be had against the Town unless the Town was found—and here it was not—to have affirmatively created the defect that caused the collision (*see, Linder v Town of Babylon*, 187 AD2d 568; *Lang v County of Sullivan*, 184 AD2d 981; *Kirschner v Town of Woodstock*, 146 AD2d 965, 966).

---

* The photographs were properly authenticated by the insurance agent's testimony that he personally took the pictures and that they accurately depict the intersection as he observed it at that time (*see*, Prince, Richardson on Evidence § 4-212, at 149 [Farrell 11th ed]); hence, all that remained to be shown was that their subject matter was relevant to the controversy (*id.*, at 148-149).

Cardona, P. J., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.