■ Lori M. Roebuck, Plaintiff, v Janet Duprey, as Temporary Administrator of the Estate of Phillip J. Keller, Deceased, Defendant. (Action No. 1.) Lori M. Roebuck, Appellant, v Pamela A. Reinhardt, Respondent. (Action No. 2.) [710 NYS2d 451] —Carpinello, J. Appeals (1) from a judgment of the Supreme Court (Lahtinen, J.), entered April 2, 1999 in Clinton County, upon a verdict rendered in favor of defendant in action No. 2, and (2) from an order of said court, entered April 17, 1999 in Clinton County, which denied plaintiff's motion to set aside the verdict.

The subject negligence and medical malpractice actions, which were joined but not consolidated for trial, stem from a September 7, 1990 automobile accident between plaintiff and Phillip J. Keller.[1] It is undisputed that Keller was solely responsible for the head-on collision which resulted in signifi-

---

1. Keller died during the pendency of the action against him and the temporary administrator of his estate has been substituted as a party.

cant injuries to plaintiff, including a fracture to her right foot. She was seen by defendant Pamela A. Reinhardt (hereinafter defendant), an orthopedic surgeon, on the day of the accident and continued treatment with her for approximately 15 months. Shortly after the accident, defendant performed a closed reduction on plaintiff's fracture—which she diagnosed as being a Lisfranc fracture—and inserted a percutaneous pin as a fixation device. Nine months later, defendant performed a midfoot fusion on the foot in an effort to control plaintiff's continued pain.

Plaintiff sued Keller for the injury to her foot caused by the accident itself and defendant for an alleged aggravation of the injury as a result of malpractice. At trial, plaintiff's medical expert opined that, while defendant correctly identified her injury as a Lisfranc fracture, she rendered inadequate treatment to plaintiff in that she should have performed an open reduction. Defendant's medical expert contrastingly opined that defendant did not deviate from accepted medical practices in her treatment of plaintiff and that the performance of the closed reduction was acceptable treatment. This expert further opined that the particular type of fracture sustained by plaintiff—a Lisfranc fracture—has "longstanding consequences" beyond the control of orthopedic surgeons. The jury found in defendant's favor in the malpractice action. Plaintiff appeals following an unsuccessful motion to set the verdict aside as against the weight of the evidence—a claim which has been abandoned on appeal—and in the interest of justice.

First, we reject plaintiff's claim that defendant and Keller were "multiple-tortfeasors" such that Supreme Court should have charged the jury regarding joint and several liability. In addition to being moot, since the jury specifically found that defendant did not deviate from accepted medical standards (*see generally*, *Chodos v Flanzer*, 109 AD2d 771), the argument is unpersuasive. Manifestly, defendant and Keller did not act in concert or contribute concurrently to the same wrong; therefore, Supreme Court properly considered them to be independent and successive tortfeasors, as opposed to joint tortfeasors (*see*, *Ravo v Rogatnick*, 70 NY2d 305, 310). Moreover, while it is sometimes the case that tortfeasors who neither act in concert nor concurrently may nevertheless be considered jointly and severally liable, this occurs in those instances where certain injuries "are incapable of any reasonable or practicable division or allocation among multiple tort-feasors" (*id.*, at 310). This Court need look no further than the testimony and opinion of *plaintiff's* expert—who opined that 25% of plaintiff's "foot

disorder" is due to the accident and 75% is due to defendant's negligent surgery—to be certain that plaintiff's injuries were not indivisible and that a joint and several liability charge was not warranted (*see*, *Kalikas v Artale*, 124 AD2d 645).

Plaintiff next claims that Supreme Court should have granted her motion for a new trial in the interest of justice because its charge on expert witnesses and malpractice—taken from the pattern jury instructions—was antiquated and "lackluster." Not only did plaintiff's counsel fail to object to the court's charge on these issues (*see*, CPLR 4110-b), he tacitly requested the very language used by the court.[2] Under these circumstances, the court did not abuse its discretion (*see*, *Sorel v Iacobucci*, 221 AD2d 852, 854) in denying the motion to set aside the verdict on this ground (*see*, *McGinn v Sellitti*, 150 AD2d 967, 969).

Crew III, J. P., Spain, Graffeo and Mugglin, JJ., concur. Ordered that the judgment and order are affirmed, with costs.

---

2. During a charge conference, after making specific requests about that portion of the charge concerning damages, plaintiff's counsel stated: "I did not prepare the general charge, and I assume it would be sort of like PJI requests relative to the negligence of the doctor under the malpractice charge and special verdict sheet."