■ Morris Cramer, Appellant, v Dennis M. Englert et al., Respondents. [734 NYS2d 275] —Carpinello, J. Appeals (1) from an order of the Supreme Court (Teresi, J.), entered October 29, 1999 in Albany County, which, *inter alia*, granted defendants' motion for preclusion, and (2) from a judgment of said court, entered December 15, 1999 in Albany County, upon a verdict rendered in favor of defendants.

Most legal malpractice actions involve the resolution of "a 'lawsuit within a lawsuit'" (*Titsworth v Mondo*, 95 Misc 2d 233, 242), a characterization arising from the fact that in order to succeed in a legal malpractice action, a client must prove that but for an attorney's professional negligence, he or she would have obtained a favorable result in the underlying matter for which that attorney had been retained. Thus, in such cases, a jury must first determine the hypothetical outcome of the underlying matter before turning to the question of whether the attorney committed malpractice (*see, McKenna v Forsyth & Forsyth*, 280 AD2d 79, 82, *lv denied* 96 NY2d 720). With this rubric in mind, we are compelled to note that the instant legal malpractice action is somewhat more complicated because plaintiff claims that the attorneys he hired to sue other attorneys for malpractice themselves committed malpractice, thus presenting a lawsuit within a lawsuit within a lawsuit.

A detailed factual background of this case is fully set forth in a prior decision concerning these same parties (262 AD2d 827), as well as a prior decision concerning plaintiff's first malpractice action (*see, Cramer v Spada*, 203 AD2d 739, *lv denied* 84 NY2d 809, *cert denied* 514 US 1055). Briefly, plaintiff has alleged that the attorneys he retained in 1982 to represent him in the sale of his business (the underlying matter) committed malpractice in failing to insure that he was a duly-perfected,

secured creditor of that business. Had he been duly perfected, his argument continues, he would have received a monetary distribution from Bankruptcy Court when that business ultimately failed and was liquidated, a distribution which he alleges could have been applied against the then unpaid portion of the sale price. In 1987, plaintiff retained defendants to sue his initial attorneys. As previously noted, he has sued these second attorneys alleging that they committed malpractice in the manner in which they prosecuted the initial, unsuccessful, malpractice action. After this Court reversed a grant of summary judgment in defendants' favor (262 AD2d 827, *supra*), the matter proceeded to a jury trial. Plaintiff appeals from a pretrial order of preclusion, as well as the verdict in favor of defendants. Finding his arguments of error to be without merit or unpreserved for review, we affirm.*

With respect to the pretrial order of preclusion, plaintiff contends that Supreme Court erred in precluding certain expert witnesses from testifying at trial on the basis that plaintiff's disclosure was inadequate. A review of the motion papers reveals that all of the experts disclosed in plaintiff's initial response were retained to testify with respect to the damages he had allegedly suffered as a result of his first attorneys' failure to preserve his status as a secured creditor or these first attorneys' professional malpractice. Notably, none of the disclosed experts was specifically identified as testifying to any alleged negligence of *defendants*. While a supplemental response to defendants' demand (served after the filing of the preclusion motion) attempted to remedy this fatal defect, we agree with Supreme Court that this supplemental disclosure was still inadequate. Specifically, the supplemental disclosure lacked any detail as to how defendants, in prosecuting the initial malpractice case, failed to exercise the degree of skill commonly possessed by an ordinary member of the legal community. In short, the supplemental disclosure failed to include the facts which support the expert's ultimate opinion, as required by CPLR 3101 (d) (1) (i) (*see, Oliver Chevrolet v Mobil Oil Corp.*, 274 AD2d 782, 783; *Syracuse v Diao*, 272 AD2d 881, 882; *Douglass v St. Joseph's Hosp.*, 246 AD2d 695, 697). Considering not only the substance, but also the timing of the service of the supplemental response, we find no abuse of

---

* The appeal from the order granting defendants' motion to preclude must be dismissed since "the right to take a direct appeal from an intermediate order terminates upon the entry of a final judgment" (*Dolan v Jaeger*, 285 AD2d 844, 846 n 2). We nonetheless can consider the appropriateness of said order as plaintiff's appeal from the final judgment brings it up for review (*see*, CPLR 5501 [a] [1]).

discretion in Supreme Court's decision to grant the preclusion motion (*see, Botwinick v Duck Corp.*, 267 AD2d 115, 116; *Douglass v St. Joseph's Hosp.*, *supra*, at 696).

We similarly reject plaintiff's contention of errors concerning certain evidentiary rulings at trial. Not only has plaintiff failed to establish that the numerous challenged evidentiary rulings were in fact erroneous, he has also failed to demonstrate that the excluded evidence "would have had a substantial influence in bringing about a different verdict" (*Khan v Galvin*, 206 AD2d 776, 777). This is particularly so in light of the dearth of expert proof as to the manner in which *defendants* allegedly committed malpractice. Plaintiff's claims of error regarding Supreme Court's jury charge and verdict sheet have not been preserved for our review (*see*, CPLR 4110-b; *Roebuck v Duprey*, 274 AD2d 620, 622; *Brown v County of Albany*, 271 AD2d 819, 821, *lv denied* 95 NY2d 767), and we do not find any merit to his allegation that Supreme Court had a conflict of interest.

To the extent not specifically discussed, all other arguments have been reviewed and rejected as without merit.

Cardona, P. J., Peters, Spain and Mugglin, JJ., concur. Ordered that the appeal from the order is dismissed. Ordered that the judgment is affirmed, with costs.