**Morris CRAMER, Plaintiff–Appellant,**

v.

**Dennis M. ENGLERT; Michael Kelly Maggs; Englert, Stillman, Coffey, Mchugh & Maggs; Alvin O. Sabo; Donohue, Sabo, Varley & Armstrong, P.C.; Michael Jude O'Connor, Esq., Defendants–Appellees.**

No. 03–7468.

United States Court of Appeals, Second Circuit.

March 1, 2004.

Morris Cramer, Cohoes, NY, for Appellant, pro se.

Alvin O. Sabo, Albany, NY, for Appellee.

PRESENT: JACOBS, SACK, and RAGGI, Circuit Judges.

*SUMMARY ORDER*

Plaintiff–Appellant Morris Cramer ("Cramer") appeals from a judgment of

the United States District Court for the Northern District of New York dismissing his complaint for relief pursuant to 42 U.S.C. § 1983. In February, 2003 Cramer filed the underlying § 1983 action against the named attorney and law firm defendants alleging violations of his right to a fair trial and other constitutional torts. By order dated April 3, 2003, the district court dismissed the amended complaint on the grounds that (i) Cramer failed to allege state action as required for relief under § 1983, and (ii) Cramer failed to state a claim for which relief could be granted, necessitating dismissal of his complaint under 28 U.S.C. § 1915(e). For substantially the reasons stated by the district court, we affirm.

In 1982, Cramer sold his bowling alley, "Bowlers Club," to an entity that went bankrupt before paying off the purchase money debt. *Cramer v. Englert*, 262 A.D.2d 827, 692 N.Y.S.2d 212, 212 (N.Y.App.Div.1999) (*"Cramer I"*). The attorneys who represented Cramer in the transaction, Eugene Spada and Martin Lazarow, evidently failed to perfect a security interest in the business assets. *Id.* at 828, 692 N.Y.S.2d 212. Cramer then retained attorneys Dennis Englert and Michael Kelley Maggs of Englert, Stillman, Coffey, McHugh & Maggs, Esqs. (collectively, "Englert") to bring a malpractice suit against Spada and Lazarow, *id.*; Cramer lost his suit, chiefly because he could not show that he would have been able to realize the security interest, *see Cramer v. Spada*, 203 A.D.2d 739, 610 N.Y.S.2d 662, 663–64 (N.Y.App.Div.1994). Cramer next sued Englert for malpractice. *Cramer I*, 692 N.Y.2d at 213. In that action, Englert was represented by Alvin O. Sabo of Donohue, Sabo, Varley & Armstrong, P.C. (collectively, "Sabo"). On December 15, 1999, the New York State Supreme Court entered a judgment in favor of Englert; the judgment was affirmed. *See Cramer v.*

*Englert*, 289 A.D.2d 617, 734 N.Y.S.2d 275 (N.Y.App.Div.2001) (*"Cramer II"*).

The underlying § 1983 action is filed against, *inter alia*, Englert and Sabo, alleging various constitutional torts. As the district court rightly held, however, Cramer has failed to explain how the conduct of the attorneys named in this suit—only some of whom actually represented Cramer in the private litigations described above—constitutes "state action"; nor has Cramer identified any "specific deprivation of rights" worked by Englert's representation of Cramer (or, for that matter, Sabo's representation of Englert). Absent credible allegations of state action and a deprivation of constitutional rights, Cramer cannot state a cognizable claim for relief under § 1983. *See, e.g., Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312–313 (2d Cir.2003), *cert denied*, 539 U.S. 942, 123 S.Ct. 2610, 156 L.Ed.2d 628 (2003) (explaining the state action requirement); *Davidson v. Mann*, 129 F.3d 700, 701 (2d Cir.1997) (requiring specificity as to deprivation of constitutional rights); *Dahlberg v. Becker*, 748 F.2d 85, 92–93 (2d Cir.1984) (noting that the "mere invocation" of New York legal procedures does not satisfy the "state actor" requirement under § 1983).

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.