■ Anton Curanovic, Appellant, v New York Central Mutual Fire Insurance Company, Respondent. [803 NYS2d 234]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Lebous, J.), entered June 10, 2004 in Broome County, upon a verdict rendered in favor of defendant.

A detailed recitation of the facts in this action may be found in our prior decision (307 AD2d 435 [2003]), in which we reversed that portion of an order granting summary judgment to defendant upon its assertions that there were material misrepresentations on plaintiff's application for homeowner's insurance (*see* Insurance Law § 3105 [a], [b]). We concluded that there was a question of fact regarding the materiality of the misrepresentations (307 AD2d 435, 438 [2003], *supra*). The action then proceeded to trial upon certain stipulated facts, including plaintiff's admission that his application for insurance contained misrepresentations. Specifically, plaintiff failed to advise defendant that there had been a fire at his residence approximately one month prior to his application, that the residence was unoccupied and that there were uncorrected fire code violations.

On this appeal from a jury verdict in favor of defendant, plaintiff's sole claim is that Supreme Court's jury charge was erroneous. Before Supreme Court, plaintiff took an exception to the charge, asserting that the court failed to explain the requirement that the misrepresentations on the insurance application be material.* Now, plaintiff argues that Supreme Court erred in

---

* Supreme Court, in conformity with the Pattern Jury Instructions (*see* 2 PJI2d 4:75, at 907-908 [2005]), charged the jury that "[t]he factual question you must decide is whether knowledge of the true facts would have led [defendant] to refuse to issue the policy. On that question, [defendant] has the burden of proof. If you find that knowledge of the truth of the misrepresentations would have led [defendant] to refuse to issue the policy, you will find for

failing to charge the jury that it should consider defendant's past practices in determining whether knowledge of the true facts would have led defendant to refuse to issue the policy. Because plaintiff failed to preserve the argument now advanced before us, and the asserted error cannot be said to be fundamental, we affirm.

Indisputably, defendant had the burden of proving that plaintiff's misrepresentations were material (*see e.g. Carpinone v Mutual of Omaha Ins. Co.*, 265 AD2d 752, 754 [1999]; *Process Plants Corp. v Beneficial Natl. Life Ins. Co.*, 53 AD2d 214, 216-218 [1976], *affd on opn below* 42 NY2d 928 [1977]). The Insurance Law provides that "evidence of the practice of the insurer which made such contract with respect to the acceptance or rejection of similar risks shall be admissible" in determining whether a misrepresentation is material (Insurance Law § 3105 [c]). Thus, it is error to refuse a request to charge that the jury should consider defendant's practice in similar cases in determining whether knowledge of the true facts would have led the insurer to refuse to issue the policy when, as here, evidence regarding that practice has been submitted (*see Johnson v United States Life Ins. Co. in City of N.Y.*, 4 AD2d 825, 825 [1957]; 2 NY PJI2d 914 [2005]).

The record reveals, however, that no such request was made before Supreme Court in the instant case. While plaintiff did except to the charge on the ground that the court did not use the word "material," his exception was generalized and wholly failed to advance the specific argument for reversal now urged before this Court (*see Bichler v Lilly & Co.*, 55 NY2d 571, 583-584 [1982]; *Liebgott v City of New York*, 213 AD2d 606, 606 [1995]; *Nelson v City of New Rochelle*, 154 AD2d 661, 661 [1989]). Moreover, when the court indicated in response that it would not change the charge, plaintiff's counsel replied, "I'm not going to ask you to," thereby tacitly accepting the charge (*see generally Roebuck v Duprey*, 274 AD2d 620, 622 [2000]). Thus, plaintiff failed to preserve the claimed error for our review by appropriate request or exception before the jury retired to consider the verdict (*see* CPLR 4110-b; *De Long v County of Erie*, 60 NY2d 296, 306 [1983]).

Further, a new trial is not warranted in the interest of justice. Pursuant to CPLR 4404 (a), this Court has the discretion to order a new trial upon an unpreserved error in a jury charge when that error is fundamental, i.e., " 'so significant that the

---

the [d]efendant. If you find that knowledge of the misrepresentations would not have led [defendant] to refuse to issue the policy, then you will find for the [p]laintiff."

jury was prevented from fairly considering the issues at trial' " (*Pyptiuk v Kramer*, 295 AD2d 768, 771 [2002], quoting *Kilburn v Acands, Inc.*, 187 AD2d 988, 989 [1992]; *see Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]). Although plaintiff asserts that the claimed error improperly shifted the burden of proof and that an inquiry by the jury is evidence of confusion created by Supreme Court's instructions, the jury's question involved only one of the stipulated facts herein, rather than the burden of proof or the definition of materiality. Moreover, the instructions properly set forth the applicable law with respect to both burden of proof and materiality. In our view, there is simply no indication in this record of juror confusion and the purported error in the charge cannot be said to have affected the verdict or otherwise prevented the jury from fairly considering the issues (*see Pyptiuk v Kramer, supra* at 771 [2002]; *cf. Ciarelli v Lynch*, 22 AD3d 987 [2005] [decided herewith]; *Dempsey v Methodist Hosp.*, 159 AD2d 541, 541-542 [1990]).

Peters, Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, with costs.