■ Morris Cramer, Appellant, v Alvin O. Sabo et al., Respondents. [818 NYS2d 680]—

Carpinello, J. Appeal from an order of the Supreme Court (Canfield, J.), entered October 17, 2005 in Rensselaer County, which, inter alia, granted defendants' motion to dismiss the complaint.

This action is the latest in a series of lawsuits arising out of the 1982 sale of plaintiff's business. Plaintiff first commenced a malpractice action against the attorneys who represented him in that sale. We affirmed a judgment in the attorneys' favor (*Cramer v Spada*, 203 AD2d 739 [1994], *lv denied* 84 NY2d 809 [1994], *cert denied* 514 US 1055 [1995]). Plaintiff then commenced an action against the attorneys he retained to sue his first attorneys claiming that they too committed malpractice. Although we reversed a grant of summary judgment in favor of this second set of attorneys (*Cramer v Englert*, 262 AD2d 827 [1999]), we ultimately affirmed a jury verdict in their favor (*Cramer v Englert*, 289 AD2d 617 [2001], *lv denied* 98 NY2d 604 [2002]).

Plaintiff has now commenced a third action against the at-

torneys who *defended* plaintiff's second set of attorneys. Implicitly recognizing that the instant defendants have no legal relationship with him, he raises a number of claims, the gravamen of which are that these attorneys engaged in a fraud on the court in the context of their defense in the second action in violation of Judiciary Law § 487. Plaintiff now appeals from an order granting defendants' motion to dismiss the complaint. We affirm.

First, plaintiff has previously sued defendants (and others) in a 2003 action filed in Federal District Court containing essentially the same allegations as are now asserted. In dismissing the complaint in that federal action, the court expressly rejected, and dismissed on the merits, plaintiff's allegations that defendants committed a fraud on the court or participated in a conspiracy as a result of their defense of his former attorneys. To the extent that plaintiff's allegations of misconduct, deceit and collusion could be construed as stating a claim under Judiciary Law § 487, however, the District Court declined to exercise supplemental jurisdiction over this state law claim (*see Cramer v Englert*, US Dist Ct, ND NY, Apr. 3, 2003, Scullin, J., *affd* 93 Fed Appx 263 [2d Cir 2004]). Because the District Court dismissed all claims against defendants on the merits (exclusive of the Judiciary Law § 487 claim), this determination precludes their reconsideration in this action under the principles of res judicata (*see McLearn v Cowen & Co.*, 48 NY2d 696, 698 [1979]; *compare Travelers Indem. Co. v Sarkisian*, 139 AD2d 27, 29 [1988]).

With respect to defendants' alleged violation of Judiciary Law § 487 in the context of the second action, "plaintiff's remedy lies exclusively in that lawsuit itself, i.e., by moving pursuant to CPLR 5015 to vacate the civil judgment due to its fraudulent procurement, not a second plenary action collaterally attacking the judgment in the original action" (*Yalkowsky v Century Apts. Assoc.*, 215 AD2d 214, 215 [1995]; *see Parker & Waichman v Napoli*, 29 AD3d 396, 399 [2006]; *Melnitzky v Owen*, 19 AD3d 201 [2005]). In any event, the allegations asserted in the instant complaint are wholly conclusory and were thus properly dismissed (*see Briarpatch Ltd., L.P. v Frankfurt Garbus Klein & Selz, P.C.*, 13 AD3d 296, 297-298 [2004], *lv denied* 4 NY3d 707 [2005]).

The parties' remaining contentions have been reviewed and rejected.

Cardona, P.J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.