■ CITIZENS FOR ST. PATRICK'S et al., Appellants, et al., Plaintiffs, v SAINT PATRICK'S CHURCH OF WEST TROY, Also Known as ST. PATRICK'S CHURCH OF THE VILLAGE OF WEST TROY, et al., Respondents. [985 NYS2d 743]—

McCarthy, J. Appeal from an order of the Supreme Court (O'Connor, J.), entered December 31, 2012 in Albany County, which, among other things, granted a motion by defendant Saint Patrick's Church of West Troy to dismiss the complaint.

Defendant Saint Patrick's Church of West Troy (hereinafter St. Patrick's) is a Roman Catholic church that was incorporated in 1875. In 2005, by decree of the bishop, St. Patrick's was consolidated with several other parishes. In 2012, St. Patrick's agreed to sell its real property, including a historic church building, to defendant PCP Watervliet, LLC, which intended to demolish the buildings and lease the property to a supermarket. Pursuant to Religious Corporations Law § 12 and N-PCL 511, St. Patrick's requested judicial authorization for the sale of the property. Supreme Court granted the petition by order dated December 5, 2012 (hereinafter the authorization order).

On December 13, 2012, plaintiffs, a citizen advocacy group composed of former parishioners of St. Patrick's and seven of those individual parishioners, filed a notice of pendency against the property and, a few days later, served St. Patrick's with a motion to intervene in the Religious Corporations Law proceeding. St. Patrick's moved to, among other things, cancel the notice of pendency. On December 28, 2012, plaintiffs withdrew the motion to intervene and notice of pendency[1] and filed a second notice of pendency along with a summons and complaint seeking a declaratory judgment stating that the Religious Corporations Law petition was defective, rescinding the authorization order and granting a hearing on whether the sale of the property should be permitted. On December 31, 2012, Supreme Court granted the motion by St. Patrick's to cancel the notice of pendency and dismissed the summons and complaint, finding that plaintiffs lacked standing to challenge the transfer of the property. Plaintiffs appeal.[2]

Plaintiffs' action was an impermissible collateral attack on the authorization order. The proper procedure would have been to move to vacate that order pursuant to CPLR 5015, which permits "any interested person" to move for such relief (CPLR 5015 [a]), rather than commencing a second plenary action collaterally attacking an order in a prior action (*see Matter of Limitone Enters., Inc. v Walker*, 102 AD3d 697, 697-698 [2013]; *Cramer v Sabo*, 31 AD3d 998, 999 [2006], *lv denied* 8 NY3d 801 [2007]). Thus, dismissal of the action was required (*see Matter of Limitone Enters., Inc. v Walker*, 102 AD3d at 698).

Additionally, Supreme Court properly dismissed the complaint because plaintiffs lack standing to challenge the sale of the property. Plaintiffs may have been members of the congregation or "ecclesiastical body" of St. Patrick's, but that does not make them members of the religious corporation (*Blaudziunas v Egan*, 18 NY3d 275, 282 [2011]). "Member" is defined for religious corporation purposes as "one having membership rights in a corporation in accordance with the provisions of its certificate of incorporation or by-laws" (N-PCL 102 [a] [9]; *see* Religious Corporations Law § 2-b [1]). Pursuant to the incorporation documents and bylaws of St. Patrick's and the relevant statutes, St. Patrick's is managed by a five-member board of trustees consisting of the diocesan bishop, the vicar general of the diocese, the

---

**1.** Plaintiffs conceded that a notice of pendency must be filed in conjunction with a complaint, as opposed to a motion (*see* CPLR 6511 [a]; *Chateau Rive Corp. v Riverview Partners, LP*, 18 AD3d 492, 493 [2005]).

**2.** Four of the individual plaintiffs have withdrawn and discontinued their appeal.

rector of the church and two laypersons selected by the other trustees (*see* Religious Corporations Law §§ 90, 91).[3] Religious Corporations Law § 5 "vests the custody and control of a religious corporation's real property in the board of trustees" (*Blaudziunas v Egan*, 18 NY3d at 281). As plaintiffs are not members of the religious corporation, they lack standing to challenge decisions concerning the transfer of the corporation's property (*see id.* at 282).

Peters, P.J., Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, with one bill of costs.

---

**3.** Plaintiffs contend that application of this narrow definition of membership means that only the people who approved of the sale of property would have standing to challenge such approval. While the definition of corporate membership is limited to the trustees for religious corporations that are Roman Catholic churches (*see* Religious Corporations Law §§ 90, 91), membership is broader for religious corporations that are associated with certain other denominations (*see e.g.* Religious Corporations Law §§ 66 [Presbyterian Church (U.S.A.)], 134 [Baptist churches], 164 [churches of the United Church of Christ, Congregational Christian churches and Independent churches], 195 [other denominations]). Membership qualifications and organizational structure—whether hierarchical or congregational—of a church that operates as a religious corporation are generally determined by the governing body of the affiliated religious denomination; due to the constitutional principle of separation of church and state, courts and the Legislature will not intrude on those ecclesiastical matters (*see Kedroff v Saint Nicholas Cathedral of Russian Orthodox Church of North America*, 344 US 94, 107-110 [1952]; *see also Episcopal Diocese of Rochester v Harnish*, 11 NY3d 340, 350-352 [2008]).