■ THE NORTH CENTRAL NEW YORK ANNUAL CONFERENCE, Respondent, v RICHARD FELKER et al., as Trustees of Savannah United Methodist Church, et al., Appellants. [816 NYS2d 775]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Wayne County (Stephen R. Sirkin, A.J.), entered April 14, 2005. The judgment, among other things, granted plaintiff's motion for summary judgment, denied defendants' cross motion for summary judgment and declared that legal title to the property of defendant Savannah United Methodist Church rests with plaintiff.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted plaintiff's motion for summary judgment and, inter alia, declared that legal title to the property of defendant Savannah United Methodist Church (Church), including the church building and parsonage, "rests with the plaintiff." Plaintiff is the corporate entity of the North Central New York Conference of The United Methodist Church. The Church, which was originally incorporated as a Methodist Episcopal Church, ultimately became a member of The United Methodist Church (UMC) after a series of mergers of various denominations (see Religious Corporations Law §§ 321, 321-a). The Church voted to withdraw from the UMC, and plaintiff then voted to discontinue the Church as a member of the UMC. Plaintiff thereafter commenced this action seeking, inter alia, a declaration that legal title to the Church's property rests with plaintiff.

It is well established that courts may decide matters involving property disputes between local churches and the general church provided that resolution of the property dispute is possible by application of "neutral principles of law" (*Presbyterian Church in U. S. v Mary Elizabeth Blue Hull Memorial Presbyterian Church*, 393 US 440, 449 [1969]; *see Jones v Wolf*, 443 US 595, 602-604 [1979]; *First Presbyt. Church of Schenectady v United Presbyt. Church in U.S. of Am.*, 62 NY2d 110, 120 [1984], *rearg denied* 63 NY2d 676 [1984], *cert denied* 469 US 1037 [1984]). The focus in resolving such a dispute is "on the language of the deeds, the terms of the local church charter, the State statutes governing the holding of church property, and the provisions in the constitution of the general church concerning the ownership and control of church property" (*First Presbyt. Church of Schenectady*, 62 NY2d at 122; *see Jones*, 443 US at 602-603; *Trustees of Diocese of Albany v Trinity Episcopal Church of Gloversville*, 250 AD2d 282, 285-286 [1999]).

Although nothing in the deeds, the certificate of incorporation of the Church or the State statutes governing the holding of church property discusses the property rights of a member of the UMC, the Book of Discipline of the UMC, which binds plaintiff, states that all property deeded to a UMC church or its predecessor is required to be held in trust for the UMC or its predecessor. Absent an express trust provision in the deed, an implied trust is created where, as here, the property is conveyed to a local church of the UMC or any predecessor to the UMC; the name, customs and polity of the UMC or any predecessor to the UMC are used in such a way that the local church is known to the community as part of such denomination; and the congregation of the local church accepts the ordained ministers appointed by a bishop of the UMC or any predecessor to the UMC. We therefore conclude that the court properly determined that the Church held its property in an implied trust for the UMC and thus properly granted plaintiff's motion (*see Trustees of Diocese of Albany*, 250 AD2d at 288-289; *see also Carnes v Smith*, 236 Ga 30, 39, 222 SE2d 322, 328-329 [1976], *cert denied* 429 US 868 [1976]; *cf. Jones*, 443 US at 601; *First Presbyt. Church of Schenectady*, 62 NY2d at 122-123). Present—Gorski, J.P., Martoche, Smith, Green and Pine, JJ.