Episcopal Diocese of Long Is. v St. Matthias Nondenominational Ministries, Inc. (2018 NY Slip Op 00276)





Episcopal Diocese of Long Is. v St. Matthias Nondenominational Ministries, Inc.


2018 NY Slip Op 00276


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2015-03846
 (Index No. 14247/12)

[*1]Episcopal Diocese of Long Island, et al., respondents,
v
St. Matthias Nondenominational Ministries, Inc., et al., appellants.


Michael Blakey, Westhampton Beach, NY, for appellants.
Cullen and Dykman, LLP, Garden City, NY (Peter J. Mastaglio and Justin F. Capuano of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the defendants appeal from a judgment of the Supreme Court, Nassau County (Diamond, J.), entered February 25, 2015, which, upon an order of the same court dated January 20, 2015, granting the plaintiffs' motion for summary judgment on the complaint, determined that the plaintiff Trustees of the Estate Belonging to the Diocese of Long Island is the lawful fee owner of the subject property, and directed the defendants to vacate the premises within 30 days of the date of the judgment.
ORDERED that the judgment is affirmed, with costs.
The subject real property was deeded to the Corporation of the Diocesan Missions of Long Island in 1904. That corporation later merged with the plaintiff Trustees of the Estate Belonging to the Diocese of Long Island (hereinafter the Trustees). The 1904 deed stated that the property was transferred "in trust for the use and occupation of the congregation of St. Matthias Mission in care of the archdeacon of Queens and Nassau, Diocese of Long Island, Protestant Episcopal Church." A corrected 1905 deed omitted any language indicating that the land was to be held in trust for the congregation of St. Matthias. After operating as an Episcopal congregation for more than 100 years, the congregation of St. Matthias Episcopal Church chose to incorporate as a nondenominational church, the defendant St. Matthias Nondenominational Ministries, Inc. In 2009, the Diocese declared St. Matthias Episcopal Church to be extinct.
The Supreme Court did not err in granting the plaintiffs' motion for summary judgment on the complaint. The plaintiffs established their prima facie entitlement to judgment as a matter of law, and the defendants failed to raise a triable issue of fact in opposition. The 1905 corrected deed removed any language indicating that the property was being held in trust for the congregation of St. Matthias. Where a deed of correction has been obtained, the corrective deed will control and the title of the grantee will be determined by the new grant (see Ardi v Martin, 2009 NY Slip Op 32407[U] [Sup Ct, Suffolk County]; 8-91 Warren's Weed New York Real Property 91.18). The 1905 deed superseded the 1904 deed and was controlling.
Even if the 1905 deed did not supersede the 1904 deed, the Supreme Court was correct in holding that the ownership of the property vested in the Trustees upon the separation of St. Matthias Nondenominational Ministries from the Episcopal Church pursuant to the applicable canons of the Protestant Episcopal Church in the United States of America (hereinafter the National Church) and the plaintiff Episcopal Diocese of Long Island (hereinafter the Diocese). By accepting the principles of the National Church and the Diocese for approximately 100 years, the defendants were subject to their canons, rules, and practices (see Trustees of the Diocese of Albany v Trinity Episcopal Church, 250 AD2d 282).
Canons I.7.4 and I.7.5 of the National Church, known as the "Dennis Canons," were adopted in 1979, in response to the United States Supreme Court's decision in Jones v Wolf, 443 US 595, which held that the constitution of a hierarchical church can be crafted to recite an express trust in its favor concerning the ownership and control of local church property (see Episcopal Diocese of Rochester v Harnish, 11 NY3d 340, 351; Trustees of the Diocese of Albany v Trinity Episcopal Church of Gloversville, 250 AD2d at 284-285). Canon I.7.4 provides that all real and personal property held by or for the benefit of any parish, mission, or congregation is held in trust for the National Church and the Diocese in which such parish, mission, or congregation was located. This canon also provides that the existence of this trust shall in no way limit the power and authority of the parish, mission, or congregation otherwise existing over such property, so long as that parish, mission, or congregation remains a part of, and subject to, the National Church and its constitution and canons. The fact that the St. Matthias congregation preexisted the Dennis Canons does not render those canons inapplicable. Retroactive application of trust provisions such as those in the Dennis Canons does not extinguish the real property rights of local churches or parishes. The canons were declarations of existing church policy. These canons expressly codified a trust relationship which had implicitly existed between the local parishes and their dioceses throughout the history of the National Church (see Trustees of Diocese of Albany v Trinity Episcopal Church of Gloversville, 250 AD2d at 288). There is sufficient evidence of an intent to create an implied trust to hold church property in favor of the National Church and the Diocese, based upon the defendants' actions in conformity with the tenets and canons of the National Church, and the National Church's establishment of an express trust in the relevant canons. Accordingly, both an express trust and an implied trust exist for the benefit of the plaintiffs with respect to the real property held by the defendants. Consequently, upon the defendants' schism from the National Church and the Diocese in 2008, the defendants forfeited the real property to the plaintiffs under Canon I.7.4 of the National Church and Canon V.3.V of the Diocese (see id. at 289-290).
The affirmation of the plaintiffs' expert was insufficient to raise a triable issue of fact to defeat summary judgment, as it consisted solely of legal analysis and conclusions. Expert opinion as to a legal conclusion is impermissible (see Penda v Duvall, 141 AD3d 1156; Schulz v Cuomo, 133 AD3d 945; Measom v Greenwich & Perry St. Hous. Corp., 268 AD2d 156).
The defendants' remaining contentions are either improperly raised for the first time on appeal or without merit.
BALKIN, J.P., AUSTIN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court