Eltingville Lutheran Church v Rimbo (2019 NY Slip Op 05957)





Eltingville Lutheran Church v Rimbo


2019 NY Slip Op 05957


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2018-10246
 (Index No. 150331/16)

[*1]Eltingville Lutheran Church, appellant,
v
Robert Rimbo, etc., et al., respondents.


Crawford Bringslid Vander Neut, LLP, Staten Island, NY (Allyn J. Crawford and Mara R. Levy of counsel), for appellant.
Capell Barnett Matalon & Schoenfeld LLP, New York, NY (Joseph Milano of counsel), for respondents.



DECISION & ORDER
In an action for declaratory and injunctive relief, the plaintiff appeals from an order of the Supreme Court, Richmond County (Alan C. Marin, J.), dated August 23, 2018. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff, Eltingville Lutheran Church (hereinafter Eltingville), is a member of the Evangelical Lutheran Church in America (hereinafter ELCA) and the Metropolitan New York Synod of the Evangelical Lutheran Church in America (hereinafter the Synod). Eltingville owns real property on Staten Island, and it operates a church and a school on the property. On March 15, 2016, the Synod Council imposed synodical administration on Eltingville and appointed trustees to take control of Eltingville's property. The Synod advised Eltingville of its right to appeal the decision to the Synod Assembly.
Eltingville commenced this action against the Synod and its Bishop, seeking, in the first three causes of action, a judgment declaring that the Synod's determination to place it under synodical administration violated Religious Corporations Law § 17-c and section 13.24 of the Synod's constitution because the standards for synodical administration were not met. The fourth cause of action sought to enjoin the Synod from closing Eltingville's church, seizing or taking control over any part of Eltingville's real or other property, and interfering with the day-to-day operations of Eltingville's church and school. The Supreme Court temporarily enjoined the defendants from imposing synodical administration and taking any actions to close the church or interfere with its day-to-day operations. Eltingville thereafter took its first of two required votes to disaffiliate with the ELCA and the Synod (see Religious Corporations Law § 17-c[2][b]).
The defendants moved pursuant to CPLR 3211(a)(1), (2), (3), and (7) to dismiss the complaint, arguing that the Supreme Court lacked subject matter jurisdiction over the internal church dispute since the determination to impose synodical administration was a nonjusticiable religious determination which resulted in the Synod taking title to Eltingville's property. In an order dated August 23, 2018, the Supreme Court granted the defendants' motion. Eltingville appeals.
"The First Amendment forbids civil courts from interfering in or determining religious disputes, because there is substantial danger that the state will become entangled in essentially religious controversies or intervene on behalf of groups espousing particular doctrines or beliefs" (Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana, 9 NY3d 282, 286). Religious bodies are to be left free to decide church matters for themselves, uninhibited by state interference (see Serbian Eastern Orthodox Diocese for United States and Canada v Milivojevich, 426 US 696, 722; First Presbyt. Church of Schenectady v United Presbyt. Church in U.S. of Am., 62 NY2d 110, 116-117). By uniting with a denominational body, a local congregation consents to be bound by the ecclesiastical determinations of the denominational government, subject only to such appeals as the organism itself provides for (see Serbian Eastern Orthodox Diocese for United States and Canada v Milivojevich, 426 US at 711).
However, a court may resolve church property disputes "when the case can be decided solely upon the application of neutral principles of . . . law, without reference to any religious principle'" (Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana, 9 NY3d at 286, quoting Avitzur v Avitzur, 58 NY2d 108, 115; see Jones v Wolf, 443 US 595, 602-603; Presbyterian Church in U.S. v Mary Elizabeth Blue Hull Memorial Presbyterian Church, 393 US 440, 449; First Presbyt. Church of Schenectady v United Presbyt. Church in U.S. of Am., 62 NY2d at 121; Merkos L'Inyonei Chinuch, Inc. v Sharf, 59 AD3d 403, 407). The court must apply objective, well-established principles of secular law to the issues and may rely on internal church governing documents, but only if those documents do not require interpretation of ecclesiastical doctrine (see Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana, 9 NY3d at 286; First Presbyt. Church of Schenectady v United Presbyt. Church in U.S. of Am., 62 NY2d at 119-120). "[T]he focus is on the language of the deeds, the terms of the local church charter, the State statutes governing the holding of church property, and the provisions in the constitution of the general church concerning the ownership and control of church property" (First Presbyt. Church of Schenectady v United Presbyt. Church in U.S. of Am., 62 NY2d at 122; see Blaudziunas v Egan, 18 NY3d 275, 280; Episcopal Diocese of Rochester v Harnish, 11 NY3d 340, 351-352).
Here, the complaint challenged the Synod's determination to impose synodical administration upon Eltingville. Such a determination could only be made upon finding that "the membership of a congregation has become so scattered or so diminished in numbers as to make it impractical for such a congregation to fulfill the purposes for which it was organized or that it is necessary for this synod to protect the congregation's property from waste and deterioration" (Synod's Constitution § 13.24; see Religious Corporations Law § 17-c[2][a][iii]). A Synod's determination to impose synodical administration on a local church is a nonjusticiable religious determination (see Matter of Metropolitan N.Y. Synod of the Evangelical Lutheran Church of Am. v David, 95 AD3d 419, 419; cf. Upstate N.Y. Synod of Evangelical Lutheran Church in Am. v Christ Evangelical Lutheran Church of Buffalo, 185 AD2d 693, 693-694). Accordingly, we agree with the Supreme Court's determination to grant those branches of the defendants' motion which were to dismiss the first three causes of action as nonjusticiable pursuant to CPLR 3211(a)(2).
Eltingville contends that, assuming arguendo, the underlying dispute over synodical administration is an ecclesiastical matter, the Supreme Court should not have directed dismissal of the fourth cause of action, which sought injunctive relief to prevent the defendants from seizing its property, since the property issue may be resolved solely by reference to neutral principles of law. We disagree. The constitutions of the ELCA and the Synod, as well as the relevant state statute, provide that, upon imposing synodical administration, a Synod may take charge and control of the local congregation's property (see Religious Corporations Law § 17-c[2][a][iii]; [c][ii]). The provisions of the constitutions relied upon by Eltingville, involving a congregation which has disaffiliated with the ELCA and the Synod, are not applicable, since it is clear that Eltingville had not disaffiliated with the Synod prior to the imposition of synodical administration (see Religious Corporations Law § 17-c[2][b]).
Therefore, to the extent that the property issue may be determined by neutral principles of law (cf. Russian Orthodox Convent Novo-Diveevo, Inc. v Sukharevskaya, 166 AD3d 1036, 1039-1040), the governing church constitutions and relevant state statute establish that [*2]Eltingville is not entitled to the injunctive relief it seeks in the fourth cause of action (see Episcopal Diocese of Rochester v Harnish, 11 NY3d at 351-352; Matter of German Evangelical Lutheran St. Johannes Church v Metropolitan N.Y. Synod of Lutheran Church in Am., 47 AD2d 904, 905). Accordingly, the documentary evidence disproved an essential allegation of the complaint (see Mitkowski v Marceda, 133 AD3d 574, 575) and conclusively established a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). Therefore, we agree with the Supreme Court's determination to grant that branch of the defendants' motion which was to dismiss the fourth cause of action pursuant to CPLR 3211(a)(1).
CHAMBERS, J.P., MILLER, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court