Matter of New York Annual Conference of the United Methodist Church v Bethel Bible Ministries (2024 NY Slip Op 01854)

Matter of New York Annual Conference of the United Methodist Church v Bethel Bible Ministries

2024 NY Slip Op 01854

Decided on April 4, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 4, 2024

CV-23-1059
[*1]In the Matter of New York Annual Conference of the United Methodist Church, Respondent,
v
Bethel Bible Ministries et al., Appellants.

Calendar Date:February 16, 2024

Before:Egan Jr., J.P., Clark, Lynch, McShan and Powers, JJ.

Jerome T. Dorfman, Parksville, for appellants.
Greenberg Traurig, LLP, New York City (Daniel Milstein of counsel), for respondent.

Clark, J.
Appeal from an order of the Supreme Court (Stephan G. Schick, J.), entered May 16, 2023 in Sullivan County, which granted petitioner's application, in a proceeding pursuant to Religious Corporations Law article 17 and RPAPL article 15, to, among other things, compel respondents to convey certain property to petitioner.
The instant proceeding involves a property dispute regarding ownership of real property located in the hamlet of Kauneonga Lake, which is in the Town of Bethel, Sullivan County (hereinafter the subject property). The subject property contains, among other things, a church building used by respondent Kauneonga Lake Community United Methodist Church (hereinafter KLCUMC) as a place of worship in accordance with the teachings of the Methodist faith. After the General Conference of the United Methodist Church (hereinafter the national church) began reconsidering its views on human sexuality, disputes arose between KLCUMC and petitioner, the local annual conference of the national church. In January 2022, KLCUMC executed a declaration of trust purporting to place the subject property in a trust for the benefit of respondent Bethel Bible Ministries (hereinafter BBM), the name adopted by the same congregation in its attempt to disaffiliate with the national church.
Upon learning of the declaration of trust, petitioner commenced the instant proceeding to obtain possession and title of the subject property and to void said declaration. According to petitioner, pursuant to The Book of Discipline of the United Methodist Church (hereinafter the Book of Discipline), local churches affiliated with the national church were required to hold property in trust for the benefit of the national church. Respondents claimed that the property had always been owned by KLCUMC and that it neither created nor intended to create a trust for the benefit of petitioner. Following oral argument, Supreme Court found that KLCUMC held the property in trust for the benefit of petitioner and, as a result, KLCUMC had no authority to execute the declaration of trust for the benefit of BBM. Consequently, the court granted the petition, directed KLCUMC to convey title to petitioner and declared that BBM had no interest in the subject property. Respondents appeal.
Generally, the First Amendment of the US Constitution [FN1] prohibits civil courts from interfering with, or deciding, religious disputes, lest courts risk becoming entangled in religious controversies or espousing a preference for any particular religious doctrine or belief over another (see Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana, 9 NY3d 282, 286 [2007]; First Presbyt. Church of Schenectady v United Presbyt. Church in U.S. of Am., 62 NY2d 110, 116-117 [1984], cert denied 469 US 1037 [1984]). However, a court may adjudicate disputes involving religious entities as long as it relies on neutral principles of law (see Jones v Wolf, 443 US 595, 602-603 [1979]; Matter of Congregation Yetev Lev D'Satmar, Inc[*2]. v Kahana, 9 NY3d at 286; First Presbyt. Church of Schenectady v United Presbyt. Church in U.S. of Am., 62 NY2d at 120). In applying the neutral principles analysis to determine whether a trust has been created, "courts should focus on the language of the deeds, the terms of the local church charter, the State statutes governing the holding of church property, and the provisions in the constitution of the general church concerning the ownership and control of church property, taking special care to examine each of these documents in secular terms and not relying on religious precepts to determine whether the parties intended a particular result" (Trustees of Diocese of Albany v Trinity Episcopal Church of Gloversville, 250 AD2d 282, 286 [3d Dept 1999] [internal quotation marks and citation omitted]; see Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana, 9 NY3d at 286).
Here, it is undisputed that KLCUMC was incorporated in 1946 pursuant to Religious Corporations Law article 10 as "The Methodist Church of White Lake," that the subject property was conveyed to it soon after and that the property deeds do not reflect an express trust provision. Respondents argue that our inquiry should end there, as reviewing the provisions of the Book of Discipline would require us to weigh into religious doctrine. We disagree, as it is possible to consider the relevant provisions of the Book of Discipline in a secular manner, without reference to any religious principles, to determine whether the parties manifested an intent to create a trust (see e.g. Episcopal Diocese of Rochester v Harnish, 11 NY3d 340, 351-352 [2008]; North Cent. N.Y. Annual Conference v Felker, 28 AD3d 1130, 1131 [4th Dept 2006]; Trustees of Diocese of Albany v Trinity Episcopal Church of Gloversville, 250 AD2d at 288-290; compare Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana, 9 NY3d at 287-288).
Pursuant to the Book of Discipline, the insignia of "United Methodist" is reserved for institutions dedicated to the work of the national church (see Book of Discipline ¶ 2502; see also Religious Corporations Law § 321-a). The Book of Discipline requires that all property owned by a local church be held in trust for the benefit of the national church, and it provides the language that local churches should include in property deeds for such purpose (see Book of Discipline ¶¶ 2501; 2503 [1]-[5]). However, the absence of such trust clause "shall in no way exclude a local church" from its "responsibility to hold all of its property in trust for [the national church]," so long as the local church has expressed an intent to do so by, among other things, using "the name, customs, and polity of [the national church] . . . in such a way as to be thus known to the community as a part of such denomination" (Book of Discipline ¶ 2503 [6]). Further, the Book of Discipline states that, following the closure of a local church, title to all of the local church's property immediately vests in petitioner [*3](see Book of Discipline ¶ 2549 [3] [b]).
Since its incorporation, KLCUMC has represented itself as a church affiliated with the national church, and KLCUMC and its predecessors have identified themselves using the insignia of "Methodist" or "United Methodist" in their names (see Religious Corporations Law §§ 321; 321-a). This is reflected in a plethora of documents, including the deeds for the subject property, KLCUMC's incorporation documents, a 2004 merger agreement with another local church and the court order approving said merger. The merger documents also reflect that petitioner approved the merger and would remain the governing body of the resulting entity. The Book of Discipline included various administrative requirements for local churches, and KLCUMC abided by these, including submitting an annual report of trustees. Through these annual reports, KLCUMC indicated on multiple occasions that the deeds to the subject property included the trust provision required by the Book of Discipline ¶ 2503.[FN2] KLCUMC also attended petitioner's annual meetings, and multiple agendas for KLCUMC's annual conference reflect that it discussed issues involving petitioner and the national church. The record on appeal is thus clear that KLCUMC has conducted itself using "the name, customs, and polity of [the national church]," and that it represented itself to the community as part of the national church.[FN3] As such, despite the absence of trust language in the deeds, Supreme Court correctly found that KLCUMC held the subject property in an implied trust for petitioner and the national church and that KLCUMC lacked the authority to execute the declaration of trust in favor of BBM (see Episcopal Diocese of Long Is. v St. Matthias Nondenominational Ministries, Inc., 157 AD3d 769, 770-771 [2d Dept 2018]; Presbytery of Hudson Riv. of Presbyt. Church [U.S.A.] v Trustees of First Presbyt. Church & Congregation of Ridgeberry, 72 AD3d 78, 91-93 [2d Dept 2010], lv denied 14 NY3d 711 [2010]; North Cent. N.Y. Annual Conference v Felker, 28 AD3d at 1131; Trustees of Diocese of Albany v Trinity Episcopal Church of Gloversville, 250 AD2d at 288-290). Consequently, Supreme Court did not err in granting the petition in its entirety.
Respondents summarily assert that Religious Corporations Law § 16 is unconstitutional because it favors the national church over other religions. To the extent that such argument is preserved, a plain reading of the statute reveals that it is without merit (see generally Episcopal Diocese of Rochester v Harnish, 11 NY3d at 350). We have examined respondents' remaining contentions that are properly before us and find them to lack merit.
Egan Jr., J.P., Lynch, McShan and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The First Amendment is binding upon the states pursuant to the Fourteenth Amendment (see Murdock v Commonwealth of Pennsylvania, 319 US 105, 108 [1943]; Matter of Gifford v McCarthy, 137 AD3d 30, 38 [3d Dept 2016]).

Footnote 2: The record also included additional annual reports where the question, "Does each deed contain trust clause ([Book of Discipline] ¶ 2503)," was left blank; none of the reports answered that question in the negative.

Footnote 3: Interestingly, in attempting to disavow itself from the national church, respondents argue that KLCUMC still closely follows the teachings of the United Methodist faith, accusing the national church of abandoning such teachings. We cannot — and do not — weigh in on such contention (see Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana, 9 NY3d at 287-288), but highlight such argument as further evidence that KLCUMC has long presented itself as part of the national church.